The last case on for argument is Fisher Brylson et al. versus Stephen Hines et al. Take your time just actually give me one minute or half a minute. Good morning Your Honor. May it please the court, James McCarney for the appellant Stephen Hines and White. This appeal raises the issue of the proper allocation of fees between outgoing and successor counsel. The client in the underlying case which is the widely publicized Central Park jogger civil rights action recovered 12 million dollars in settlement after nearly 11 years of litigation and four million dollars of that was allocated to legal fees. The case was settled famously after Mayor de Blasio essentially ran on a platform that these plaintiffs should be paid and that's exactly what happened after the mayor came into office. The lower court awarded only six percent of the fee award which was 238,000 to appellants Stephen Hines and White for its nearly seven years of work on the case. This was error. The lower court should have held a hearing to determine the proportionate value of the work done by the two law firms and made an allocation on that basis. And are you calling that quantum merit? I am calling it quantum merit and there are really two forms of quantum merit in this context and there are also two sets of rules that apply here and as between the two law firms which is what's happening here we have making no claim against the client at the time of the termination not for cause which is what happened here our law firm was taken off there was no there was no problem with it but they took the client and we had an hourly arrangement with them which the client had the right to do right which the client had the absolute right to do and at that point your honor we had the absolute right to make an election either to sue or to recover immediately quantum merit as determined at that time based on our time records this way that's normally done for your hourly time that covered the entirety of your period or tenure as counsel well there was a letter that was sent and i think this is really a key document in the case invoice wasn't it and it has attached to it a summary of some of the time records there was a substantial discount off the actual billing records but if you look at the language of the letter which is where it's just about to get to your honor it says we stephens hines and white will be maintaining this is page 898 of the record by the way stephens hines and white will be maintaining a charging lien against the judgment we reserve our right to petition the court for attorneys fees against defendants reflecting the six and a half years of work the court uh the this office is devoted to the case so under the rule um there's two rules really first that we have the right to elect to be paid our time charges uh at the time that we are discharged or to take a participation uh in the contingency fee now the second rule based on what do you say you had the right to make an election uh well your honor this is uh comes in the precedence from the new york court of appeals under uh section 475 of the judiciary law we refer the court to those cases talk about situations where the lawyers had a contingency arrangement well they there's really you have to think in terms of the two arrangements they do in part judges to answer your question there is the arrangement between the lawyer and client the outgoing lawyer and client which upon discharge is abrogated there is no longer a fee agreement the attorney's rights at that point become strictly quantum merowit so now the question becomes what happens going forward i mean you got a contingent fee award sorry the the replacement attorneys and enter into a contingent fee agreement they get a an award under that agreement and you get some percentage of that contingent fee well quantum merowit could mean either your hourly or your contingency and then this is where we get to the second principle merowit it seems to me means what was the value of your services the attorney services the first attorney services with respect to uh the case given the overall outcome that's exactly right your honor right so but but it's not well there's a contingent fee and well i mean the judge may engage in that kind of thought process i guess in terms of considering what process but you don't have a right to a contingent fee you'll you'll agree with me right i will in part judge what you have is a way you disagree i you have a right to make an election i want to be paid now my hourly time charges if i don't want to be if i choose not to do that and to defer then i relegate myself to a contingency participation in other words if the case goes forward and they try the case and they lose i get nothing if i don't make the it's not clear and unequivocal you've made the election you get nothing on a quantum merowit basis because the case went forward you lost and you didn't get any they didn't you know at that point that you know that was uh six and a half years into the case there was still four years to go mayor bloomberg's administration was fighting the case tooth and nail and uh you know we could have said to the client all right you you it's your right to replace us but we want to be paid now we could have asked for a hearing on a charging lien had the amount of fees fixed and determined uh based on our time records whatever it is and had a judgment at that time for three or four hundred thousand dollars whatever that would have come come to but if we did not do that and and in not doing so the new york law provides that we made an election to participate in the in the uh contingency fee that they entered into with the other council and it was there it was the client's portion of that would then be well now we have to have this on quantum arrow that's correct and so how do we how do we how do we calculate that well we need to have a hearing we've got our records some of them you're missing uh 572 hours in what was in front of uh magistrate would you be asking for a contingency a percentage if at such a hearing we would your honor we'd be saying this is this case what percentage would you be asking for well um you know typically at this point it's uh it's a third of a third uh given what happened but uh i i i think it could be even greater in this case is i'm i'm looking through the uh the docket sheet they handled uh you look at what was done they they handled the complaint there was a very extensive briefing on on a motion to dismiss to judge ellis we never got there he wouldn't hold the hearing he he you know there was the petition the response and the uh uh he took a look at the time records and said that's all you're getting of argument um i i believe there was argument or argument yes there was opportunity to submit additional uh evidence as well well uh there to have put in the rest of the time records would not get us to where we need to be which to see what was our relative contribution in the case as compared to the the fisher firm which took over and is it true that judge ellis made a quantum error determination and said i find that the reasonable value of the services the firm provided are 237 000 that's what he stated but he he used the wrong method to evaluate that he should have taken a look as as you suggested your honor at the outset at the overall result in the case taken a look at what our contribution was as compared to their contribution and then made a division on that basis not because there there was a windfall here because of what happened with the way the case was settled and the whole idea behind 475 is we don't want lawyers coming in stealing clients and and and running away with the golden goose to be going on all over the place and that's not what happened here though right yeah well judge uh i mean it would be one thing if it would be one thing if um a client discharged a lawyer after many years of work just to avoid paying the fee and brought someone else in at the last moment but that doesn't seem to be what well judge look let's look what happened here you know we've got 238 000 you know that was that was the the time records that were sent to them and uh they didn't pay it and so here we are financing litigation for another four and a half years would you still say that you'd be entitled uh to an i if they had sent us a check at that time we're not asking them for a check in this letter by the way in a 98 but if they said a check if they said a check and we accepted it we it would have been done and we had no interest in the contingency because we had made the election at that time to to be paid out on the basis of our quantum merit and so when the case could have wound up zero and we would have paid the we would have had no right to participate any further in the case on a quantum on the quantum merit basis on at that time so the determination see there's two there's different ways to determine the quantum merit and if you're going to make the determination in the middle of the case before you know what the result is you're just working with the time because you can't compare what the two law firms have done all you have is what we did and so they typically you get paid out on the basis of your load star but where you have the case thanks very much uh you've reserved two minutes for rebuttal and you're significantly over time and we'll let mr devita ramble on since hopefully it's almost friday after it's almost friday afternoon well good morning your honor it is still good morning may it please the court my name is james devita i represent the appellee the law firm of fisher by realson and creed kreutzer the uh this case has many unusual features but for me the most unusual one is that we have the author the uh creator of an uh form contract essentially arguing that it's a contract of adhesion and should be released from it the uh retainer agreement in this case couldn't have if you look at the third page it's at page 139 of the appendix there are various parts of the form that are part of the form but there is typed in in large letters and in underlined underscored the following in the event that court awards attorneys fees the client will be responsible to pay the difference between the billable hours and attorney's fees if the attorney fees uh attorney fees award is less than the billable hours so this notion that either um the stevens firm wasn't aware that they had signed this agreement with providing for billable hours as the measure for their services or that it was somehow uh foisted on them by mr wise that language clearly was not put in there by mr wise it was the uh firm's language that was added to its own form so the uh agreement clearly calls for billable hours now the cases that as judge chin pointed out the cases that the uh appellant relies on that say the outgoing attorney has the right to make an election are all cases where the lawyer had in the contingent fee agreement from the beginning and even the cases that the appellant cites make it very clear that without the client's consent there is no contingent arrangement they cite in their appellate in their reply brief a case called universal acupuncture it's 370 f third 59 at page 60 263 this court specifically said that there is no contingent option without the agreement of the client and the client clearly opted for attorney fees on a billable hour basis now even assuming they had an option at the time they were discharged to elect a contingent fee agreement they elected hourly fees sent a bill it was an invoice they characterized it at an invoice and they said we will expect to be paid this amount at the end now um we're talking about we're talking about a situation here where the client is out of the picture and then it's the two firms well your honor not at the time of the decision that's at the at the end of the case at the end of the case i mean the the client no longer has a stake right the client well the client is assigned uh his rights to uh attorney fees from the court yes is in in determining quantum meroit could a court um do a contingency your honor percentage i would submit that where the um attorney the original attorney accepted the case on an a an hourly basis that to where an unexpectedly large um settlement results to allow that to be converted to a contingent fee would be unfair to the attorney that took the case on a contingent basis because it reduces are there cases either way where the original agreement is hourly and then a lawyer argues that it should be uh i've never heard of the argument being made before your honor so i don't think there are i have not found a case where like this where there was an original uh retainer agreement for hourly billing and then someone came in and said no no at the end of the day i want my part of the pot at the end of the rainbow i've never seen a case like that um that's why i say it's unique you were you were you were involved uh in front of judge ellis right yes i was your honor did judge ellis say um i think the reasonable value is the number they've requested or was he just giving them the number they requested no he made an analysis of the of the uh billable out rates that were prevailing in the uh community and he made a determination that they were these were in line with those in similar cases um mr mccarney is suggesting now that uh judge ellis should have had a factual hearing but at the hearing at the conference and the argument on this motion uh mr stewart who was then representing the petitioner specifically discouraged a hearing and said that judge you don't need to have a hearing if you look at the transcript of that october 29 2014 hearing at pages 11 and 14 which are in the appendix to my brief at 37 a a 37 and 40 he specifically says the cases say you don't need to hold a hearing you have enough information to make a determination go ahead and make the determination i don't i think it's inappropriate for uh appellant now to say judge ellis should have had a hearing when his own when the lawyer representing the uh appellant in the district court said judge you don't need to have a hearing you can determine on what you have in front of you um so i submit that there was no basis for the what the appellant is seeking is the benefit of my client's bargain he reached a bargain with the uh client at the beginning he received everything he was entitled to under that bargain he now wants to say and if you think about it if the situation were that um the appellant continued to represent uh mr wise to the conclusion and there was this huge recovery he could not then come in and say well judge you know i really i think it's only fair that i get a contingent fee uh he would have been held to the bargain that he made in the on a billable hour basis and said okay we'll you know we get a ward the court makes a determination what the difference is the the client makes up out of his recovery uh they could not have come in and said well we want we want a contingent fee they didn't have it from the beginning they're not entitled to it that's what the new york statute protects against right exactly your honor exactly that's the purpose of the new york statute so people can't flip it around exactly yes we are people yes your honor they had three options and and your honor uh was on the panel that decided a very similar case to this the uh just less than a year ago the agency fronts press against moral case where your honor uh well the panel determined that uh it's an equitable claim uh and the equities are in that case were you know billable hours the um in this case the i want to address the issue of the uh interest because in that case your honor the panel determined that the uh there was no interest that interest was discretionary under uh section 475 because it is an equitable cause of action and that uh it was not appropriate and if you think about the reason for awarding pre-judgment interest it really does not apply in these circumstances as as you pointed as the court pointed out in that uh morale case the uh petitioner had three options at the time of discharge could have brought an equitable action against the client under the uh for quantum merit to recover its billable fees from the client uh it could have exercised a retaining lien which means keeping the file it didn't do that did not do either of those it opted for a charging lien and the charging lien doesn't become uh does it the the cause of action doesn't accrue until there is a recovery against which to apply it so the interest should not begin unless and lessen until there's money in the pot and here there wasn't and at some point they argue that the law firm incoming law firm should have paid the bill that makes no sense there is no basis in law fact or logic for any kind of obligation of that nature and the um there is not and again similarly there's no uh unjust enrichment of the incoming firm it doesn't have the the fees that they're now claiming for the that entire period if anybody would were to be uh if anyone were to be responsible for interest it would have been the client if they had brought the action to uh for quantum merit for uh it's their billable fees at the time of discharge they chose not to do that they knew that the client could not respond didn't have the assets to respond to the judgment but that's the risk they took at the very beginning so they accepted that risk and they fortunately for them were able to get the every that they asked for at the time of the discharge and that's what was awarded and that was what was paid and that's all they were entitled to is there a period of time between the time in which the judgment was made and now that interest may be appropriate well your honor they've been paid the money has been paid to them there was there was a brief period between the i think it was december of 2014 that the city made the payment i think that money was held in escrow until judge ellis's and then it was paid to talk about three months yes your honor yeah and if there are no further questions your honor i'll rely on my briefs mr mccart your honors um their firm has the four million dollars less than 230 000 they handle the case for four and a half years we handle it for six almost seven years during the person participated in 95 depositions i mean well we don't know a lot of work it's a good question you know i'm looking at the docket sheet there's no motion for summary judgment there's a couple of discovery skirmishes 95 depositions i don't know who went to if anybody to these depositions we never saw their time records we don't know exactly what they did for all we know they had less time in the case than we did ask for well that of course would be what the hearing would be would we get up there we'd explain what we did we'd put in our time records time records i i believe that was done your honor it certainly it would be so something we really didn't get far enough into the process for that to happen we were we were hoping for a hearing and to be able to do that um now as far as the um uh retainer agreement goes uh that if council talks much about the terms of it and what it's stated but the retainer agreement was abrogated the the law is clear once the client terminates you not for cause there is no retainer agreement now what happens going forward that depends in part on the client the client's the one that decided to go forward on the contingency fee basis and that's the client didn't decide that they wanted to have a contingency arrangement with you right afterwards mr devita points out that the cases that you cite are cases where there was a contingency fee arrangement in the first instance with the first set of of lawyers because effectively you are asking to get awarded an attorney's fees a bargain that you never made right well we made you want the windfall that you never bargained for at the outset because you had an agreement well we we we we didn't want to lose our client and we would have gotten paid a lot more hours let's assume you didn't lose the client let's assume that you won we would have got only gotten you would have only gotten attorney's fees not a percentage of the final judgment and and and it would have been is that correct it would have been maybe your honor i i suspect i suspect they would have agreed to a contingency fee i think that's what was intended immediately i appreciate on this record we're required to accept that that's the document says what's that and under new york yes yes a statute that the new york legislature and its wisdom has enacted and that applies well the document says what it says uh you know it was that's right but it was a mistake and i believe the client would have changed it but uh when the client's not involved here i believe you know if we had a hearing i think the client probably would show up and say that but but in any event uh the uh the point is that if the case went on under the terms that were written you know this case would have been upwards of a million dollars of fees and win or lose we would have been entitled to payment under that retainer agreement so so that was one bargain i'm sure that uh it would have changed thank you very much mr mccurry thank you both of you have a wonderful weekend and we will reserve decision on this one and get you a decision shortly and the last case united states versus red eye being on submission we are done hearing arguments so please adjourn court